**SEGUROS TEPEYAC, S.A., COMPANIA MEXICANA de SEGUROS GENERALES, Appellant,**

v.

**Maynard BOSTROM and James L. Jernigan, Appellees.**

**No. 21167.**

United States Court of Appeals
Fifth Circuit.

May 9, 1966.

William M. Brown, Fort Worth, Tex., Chilton Bryan, Houston, Tex., Keith F.

Kelly, Fort Worth, Tex., Jerome Sneed, Jr., Austin, Tex., for appellant.

Albert H. Manus, Jr., Freeport, Ill., Joe Spurlock, Fort Worth, Tex., Stanley S. Crooks, Dallas, Tex., John Alan Appleman, Urbana, Ill., for appellees.

Before BROWN and WISDOM, Circuit Judges, and ESTES, District Judge.

PER CURIAM:

In the district court the plaintiff, Bostrom, recovered a judgment against the insurer, Seguros Tepeyac, S.A. in the amount of $270,000. This Court affirmed the judgment as to $5,000, the face amount of the policy of insurance Seguros Tepeyac issued to Jernigan, the intervenor. We reversed the judgment as to the excess amount over the policy limit of $5,000, without prejudice to the rights, if any, of the insured and the injured claimant, or either, to proceed against the insurer on claims and on a showing not inconsistent with this opinion. 347 F.2d 168.

I.

The intervenor, joined by the plaintiff-appellee, filed a petition for a rehearing, contending that the Court should modify its opinion by issuing a declaratory judgment determining the rights of the parties as payments are made upon the excess judgment by the insured. The defendant-appellant argues that the intervention should now be dismissed; that the request for a declaratory judgment should be denied.

In the exercise of judicial discretion, the Court permitted Jernigan to intervene at the appellate level. We considered the intervenor's legal contentions to the extent they bore on the controversy between the parties. In order to participate in the proceedings on remand, it will be necessary for Jernigan to obtain the permission of the district court.

■■ The granting of declaratory relief is not limited to trial courts. 28 U.S.C. § 2201; Mechling Barge Lines v. United States, 1961, 368 U.S. 324, 82 S.Ct. 337, 7 L.Ed.2d 317. However, in view of Jernigan's non-intervention at the trial level and the iffy-ness of his contentions at this level, the Court considers it undesirable to grant declaratory relief.

The Jernigan-Bostrom petition for rehearing is denied.

II.

■■ The insurer, in its petition for rehearing, contends that the suit should be dismissed for lack of the required jurisdictional amount. "It is quite settled" however "that jurisdiction is not lost because the award is for less than the jurisdictional amount. Instead, the amount in controversy is measured as of the time the action comes to federal court". Wright, Federal Courts 93 (1963). It was not a legal certainty that the claim was for less than the jurisdictional amount. And since the plaintiff was in good faith in asserting the claim, we look to the pleadings for determination of the amount in controversy. St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845.

The insurer's petition for rehearing is denied.