**CONTINENTAL CASUALTY COMPANY, Appellant,**

v.

**DEPARTMENT OF HIGHWAYS, STATE OF LOUISIANA, Appellee.**

No. 23614.

United States Court of Appeals
Fifth Circuit.

July 5, 1967.

Marian Mayor Berkett, Deutsch, Kerrigan & Stiles, New Orleans, La., for appellant.

Robert J. Jones, Baton Rouge, La., for appellee.

Before HUTCHESON and BELL, Circuit Judges, and NOEL, District Judge.

HUTCHESON, Circuit Judge:

This appeal is from the judgment of the district court [1] dismissing the cause for want of jurisdiction on the ground that the amount in controversy did not exceed the requisite $10,000, exclusive of interest and costs. 28 U.S.C. Sec. 1332. We find that the court below erred in holding that the jurisdictional amount was not in issue, and reverse and remand.

Sam Carline, Inc. caused the appellant Surety, Continental Casualty Company, to issue public works bonds in connection with each of two different contracts Carline had with the Louisiana Highway Department for construction work on the Cocodrie and Samstown highways in Louisiana. In consideration of the issuance of the bonds, Carline agreed that in the event Surety incurred losses under either of the bonds, the contract balances due to Carline on the two jobs would be assigned to Surety to indemnify it for the losses.

Carline later did in fact default on the Cocodrie job, and Surety met its obligations under the bond, thereby sustaining substantial losses. This default by Carline made effective the assignment to Surety of the contract balances due on both jobs even though Carline later completed the Samstown job.

The balance due on the Samstown contract at completion was $12,000. Surety notified the Highway Department several times that it was asserting its right to the entire amount by virtue of the assignment. At that time, however, several claims amounting to $5,000 had been filed against the contract by various creditors of Carline. The principal one was for dirt taken from the "borrow pit" of one LaBarre and used in the construction project. Despite having been notified of Surety's assignment and its demand thereunder, it appears that the Highway Department issued a check for the $12,000 jointly to Carline and to these claimants. As a consequence, the check was used to pay off the claims of $5,000 with the remaining $7,000 going to Carline. Surety received nothing.

Surety brought suit against the Highway Department for recovery of the $12,000 balance due on the Samstown contract. The district court reasoned that under the assignment Surety could receive at most only the amount due to its assignor, Carline; and after deducting the $5,000 used to pay the LaBarre claim from the balance of $12,000, Carline was due only $7,000. Under that analysis, the amount in controversy fell short of the jurisdictional amount, and the Highway Department's motion to dismiss was granted.

We observe that in its complaint the Surety has alleged that more than $10,000 is in issue. If such allegation is made in good faith, the complaint cannot be dismissed for want of the jurisdictional amount "unless it appears to a legal certainty that recovery cannot exceed the jurisdictional amount." Anderson v. Moorer, 372 F.2d 747, 750 (5th

---

1. 249 F.Supp. 423 (E.D.La.1966).

Cir. 1967). Accord, St. Paul Mercury Indemn. Co. v. Red Cab Co., 303 U.S. 283, 288–290, 58 S.Ct. 586, 82 L.Ed. 845 (1938); Harris v. Illinois Central R. R. Co., 220 F.2d 734, 736 (5th Cir. 1955); Burks v. Texas Co., 211 F.2d 443, 446, 47 A.L.R.2d 646 (5th Cir. 1954). The good faith of Surety has not been questioned. Compare Matthiesen v. Northwestern Mut. Ins. Co., 286 F.2d 775, 777 (5th Cir. 1961). Hence, the issue is whether it is a legal certainty that Surety can recover no more than $7,000.

 Under Louisiana law, which governs this controversy, the amount which a contractor may assign to a third party is limited to that part of the contract price due to him after the payment of all valid materialmen's liens recorded against the job. Shreveport Prod. & Ref. Corp. v. City of Shreveport, 175 La. 61, 143 So. 5, 6 (1932). Therefore, the amount which Surety can claim under its assignment is restricted to the amount due to Carline after the payment of valid claims which constitute good liens against the public works contract.

There appears to be no dispute that Carline did in fact owe LaBarre and the other claimants for the amounts claimed. But there is a dispute as to whether the claims were lienable against the Samstown contract. The district court assumed that the claims were lienable against the contract, and seems to have based this assumption on its determination that the claims were satisfied with the check issued from the Highway Department. Surety insists, however, that the LaBarre claim did not constitute a valid lien against the contract for the reason that, under Louisiana law, one must have delivered the dirt to the jobsite to qualify as a lienholder, and this LaBarre did not do. Thus it argues that if the claims were paid, they were paid erroneously.

Without reaching the merits, we cannot say that Surety's position is legally certain to be untenable. Furthermore, we are mindful that when the issue of the jurisdictional amount is inter-twined with the merits of the case, courts should be careful not to decide the merits, under the guise of determining jurisdiction, without the ordinary incidents of a trial. 1 Barron & Holtzoff, Federal Practice and Procedure Sec. 24 (Supp. 1966). See McBeath v. Inter-American Citizens for Decency Comm., 374 F.2d 359, 363 (5th Cir. 1967). These considerations convince us that Surety should be allowed to proceed to trial for a resolution of the issues concerning the lienability of LaBarre's claim and the amount ultimately due to Surety under the assignment.

We hold that the district court erred in deciding the question of the lienability of the claims in the course of determining whether the jurisdictional amount was present. The judgment of dismissal is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.