**JOHNS–MANVILLE SALES CORPORATION, Plaintiff-Appellant,**

v.

**MITCHELL ENTERPRISES, INC., Defendant-Appellee.**

**No. 27967**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Oct. 7, 1969.

130

poration, commenced this diversity action against Mitchell Enterprises, Inc., a Mississippi corporation, to recover $19,674.-16 allegedly due it from Mitchell Enterprises on an open account.[1] Mitchell Enterprises moved that the District Court dismiss the case for want of jurisdictional amount in controversy on the ground that the Mississippi three-year statute of limitations which pertains to actions on open accounts, Miss.Code Ann. § 729 (Supp.1968), precluded Johns-Manville from recovering more than $8,774.58 of the total amount it claimed. Therefore, Mitchell Enterprises argued, since the actual amount in controversy did not exceed $10,000, the federal court lacked jurisdiction. 28 U.S.C. § 1332(a) (1964). Johns-Manville responded that under Mississippi law Mitchell Enterprises' written acknowledgments of the unpaid debts accruing before January 29, 1966, made the three-year statute inapplicable to this case. The sum of these unpaid debts is $10,899.58, and their inclusion in the amount in controversy would give the federal court jurisdiction of this case. The District Judge found that the letters relied upon by Johns-Manville to remove the bar of the three-year statute did not suffice as acknowledgments under Mississippi law. The Judge concluded:

"Since the plaintiff's claim fails to meet the $10,000 jurisdictional requirement without inclusion of those sums barred by the statute of limitations, it is apparent to a 'legal certainty' that the necessary jurisdictional amount is not met. * * *

"The Court holds, therefore, that it is without jurisdiction to hear this cause."

In thus dismissing this case for lack of jurisdictional amount, the District Court erred. Therefore, we reverse and remand the case for further proceedings.

Ebb J. Ford, Jr., Gulfport, Miss., for appellant.

M. D. Tate, II, Smith & Smith, Picayune, Miss., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

On January 29, 1969, Johns-Manville Sales Corporation, a Delaware cor-

1. We have concluded on the merits that this case is of the character that does not justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties thereof in writing. 5 Cir.R. 18; see Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, 805–808.

 **131**

In diversity cases determination of the amount in controversy presents a federal question to be decided by federal standards. State law is relevant to this determination insofar as it defines the nature and extent of the right the plaintiff seeks to enforce. Horton v. Liberty Mutual Insurance Co., 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961). The amount in controversy is measured by the amount claimed in good faith by the plaintiff rather than by the amount ultimately recovered. E. g., Jones v. Landry, 5 Cir., 1967, 387 F.2d 102, 103; Seguros Tepeyac, S. A., Compania Mexicana de Seguros Generales v. Bostrom, 5 Cir., 1966, 360 F.2d 154. Whether the claim is made in good faith is "measured by the standard of legal certainty that the plaintiff cannot recover as much as the jurisdictional amount," Jones v. Landry, 5 Cir., 1967, 387 F.2d 102, 104, since dismissal for lack of jurisdiction is justified only when it appears to a legal certainty that the plaintiff cannot recover at least that amount. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Otherwise, the plaintiff's claim is controlling. If it is for more than $10,000, federal jurisdiction exists even though the face of the complaint reveals a defense to all or part of it, e. g., Anderson v. Moorer, 5 Cir., 1967, 372 F.2d 747, 750 (defense of res judicata), and the plaintiff's inability to recover in excess of $10,000 neither demonstrates his bad faith nor deprives the court of jurisdiction. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586 (1938).

 It does not appear to a legal certainty in this case that Johns-Manville cannot recover at least the minimum amount required for jurisdiction to exist. The Mississippi three-year statute of limitations establishes a defense personal to the debtor against actions commenced on open or stated accounts that are not acknowledged in a writing signed by the debtor. Miss.Code Ann. § 729 (Supp.1968). This defense must be pleaded in order for a defendant to take advantage of it, see Davis v. Barr, 250 Miss. 54, 157 So.2d 505, 163 So.2d 745 (1963), and its availability will depend upon the particular facts of each case. Notwithstanding that section 729 may prove in fact to bar recovery by Johns-Manville of more than $8,774.58, this is a factual issue requiring an adjudication on the merits of this case. The availability of the defense to Mitchell Enterprises, even if apparent upon the face of Johns-Manville's complaint, does not operate to deprive the federal court of jurisdiction. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586 (1938); Anderson v. Moorer, 5 Cir., 1967, 372 F.2d 747. When the issue of jurisdictional amount is intertwined with the merits of the case, "courts should be careful not to decide the merits, under the guise of determining jurisdiction, without the ordinary incidents of a trial." Continental Cas. Co. v. Department of Highways, State of La., 5 Cir., 1967, 379 F.2d 673, 675; McBeath v. Inter-American Citizens for Decency Committee, 5 Cir., 1967, 374 F.2d 359, 363; 1 Barron & Holtzoff, Federal Practice and Procedure § 24, at 58 (Wright rev. ed. Supp. 1968). Johns-Manville has proved its right to have its entire claim against Mitchell Enterprises litigated in a federal court. Jones v. Landry, 5 Cir., 1967, 387 F.2d 102.

Reversed and remanded.