**FERME RIMOUSKI, INC., a Quebec corporation, Plaintiff,**

v.

**LIMOUSIN WEST, INC., a Colorado corporation; Jerry Robbe, individually and d/b/a Robbe Limousin; and Deborah Robbe, an individual, Defendants.**

**Civ. A. No. 85–K–269.**

United States District Court, D. Colorado.

Oct. 24, 1985.

---

E. Michael Canges, Canges & Volpe, Denver, Colo., for plaintiff.

Robert P. Manning, Cogswell & Wehrle, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

In this diversity action, Ferme Rimouski claims that Jerry Robbe, Deborah Robbe, Limousin West[1] and Robbe Limousin wrongfully converted some heifers and their progeny. Jerry and Deborah Robbe move to dismiss the case for three reasons: (1) lack of subject matter jurisdiction because the amount in controversy does not exceed $10,000; (2) Rimouski's claim under section 18–4–405 of the Colorado Revised Statutes (1973) fails to state a claim upon which relief can be granted; and (3) Rimouski has failed to join an indispensable party. For the following reasons, I decline to dismiss Rimouski's first and third claims for relief. Rimouski's second claim for relief, however, is dismissed.

## BACKGROUND

Rimouski alleges that it was part-owner of eleven head of highly valuable heifers of the Limousin breed. Its ownership was in conjunction with Louis deNeuville who transferred his interest in the heifers to Limousin West. Limousin West, through the actions of Jerry and Deborah Robbe, converted an unknown quantity of the heifers and their progeny. Robbe Limousin received and transferred the heifers and their progeny to third parties. Rimouski prays for an accounting and punitive damages. Rimouski also seeks treble damages and costs of the suit, including attorney fees, pursuant to section 18–4–405 of the Colorado Revised Statutes.

---

1. Default of Limousin West, Inc. was noted on May 31, 1985.

## I

Rimouski is a Canadian corporation. Jerry and Deborah Robbe are Colorado residents. Limousin West and Robbe Limousin are Colorado corporations. Rimouski claims that jurisdiction exists under 28 U.S.C. § 1332(a)(2). Jerry and Deborah Robbe admit that diversity of citizenship exists, but claim that I lack subject matter jurisdiction under 28 U.S.C. 1332(a)(2) because Rimouski's claims do not exceed the sum or value of $10,000.[2]

"The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288–90, 58 S.Ct. 586, 590–91, 82 L.Ed. 845 (1938); *see also Fehling v. Cantonwine,* 522 F.2d 604 (10th Cir.1975). When attorney fees and punitive damages are allowed by applicable state law, they may be included in determining the amount in controversy. *See Duderwicz v. Sweetwater Savings Association,* 595 F.2d 1008, 1012 (5th Cir. 1979); *Johns-Manville Sales Corp. v. Mitchell Enterprises, Inc.,* 417 F.2d 129, 131 (5th Cir.1969); *Blank v. Preventive Health Programs, Inc.,* 504 F.Supp. 416, 421 (S.D.Ga.1980). The plaintiff has the burden of showing that his claim is sufficient to survive the "legal certainty" test. *Gibson v. Jeffers,* 478 F.2d 216 (10th Cir. 1973); *Emland Builders, Inc. v. Shea,* 359 F.2d 927 (10th Cir.1966).

In this case, Rimouski claims by affidavit[3] that its interest in the cattle exceeds $10,000. Records and affidavits also indicate that the value of the offspring may exceed $10,000.[4] In addition, Rimouski is seeking punitive damages pursuant to section 13–21–102 of the Colorado Revised Statutes (1973) and Rule 101(d) of the Colorado Rules of Civil Procedure (1973). Therefore, Rimouski has satisfied the burden of showing that its claim is sufficient to survive the "legal certainty" test. Accordingly, I decline to dismiss this case for lack of subject matter jurisdiction.

## II

In Rimouski's second claim for relief, Rimouski seeks treble damages and attorney fees under section 18–4–405 of the Colorado Revised Statutes. Jerry and Deborah Robbe assert that Rimouski's second claim for relief should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to state a claim upon which relief can be granted.

Section 18–4–405 provides in relevant part:

All property obtained by theft, robbery, or burglary shall be restored to the owner, and no sale, whether in good faith on the part of the purchaser or not, shall divest the owner of his right of such property. ... In any such action, the owner may recover three times the amount of the actual damages sustained by him, if any, and may also recover costs of the action and reasonable attorney's fees; ....

A person commits theft when he "knowingly obtains or exercises control over anything of value of another without authorization, ... and ... [i]ntends to deprive the other person permanently of the use or benefit of the thing of value; .... Colo. Rev.Stat. § 18–4–401 (1973). A co-owner

---

**2.** 28 U.S.C. § 1332(a)(2) requires diversity of citizenship and the matter in controversy must exceed the sum or value of $10,000, exclusive of interests and costs.

**3.** On a motion to dismiss for lack of subject-matter jurisdiction, I can inquire into the facts by affidavits and other matter. *Land v. Dollar,* 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947); 2A J. Moore and J. Lucas, *Moore's Federal Practice,* ¶ [12.07[2.–1] at 12–47 (2nd ed. 1985); 5 C. Wright and A. Miller, *Federal Practice and Procedure,* § 1350 at 549 (1969).

**4.** An action for conversion extends to the offspring in existence at the time of the conversion. *Arkansas Valley Land & Cattle Co. v. Mann,* 130 U.S. 69, 9 S.Ct. 458, 32 L.Ed. 854 (1889); 4 Am.Jur. *Animals* § 12 at 259 (1962).

of property cannot commit theft of that property, except when a second co-owner has a special property interest superior to that of the first co-owner. *See People v. Zimbelman,* 194 Colo. 384, 572 P.2d 830, 832 (1977); *People v. McCain,* 191 Colo. 229, 552 P.2d 20, 22 (1976); *Escobar v. State,* 181 So.2d 193, 195 (Fla.App.1965); *People v. Dudley,* 97 N.Y.S.2d 358 (N.Y.Co. Ct.1950); 17 A.L.R.3d 1394 (1968) and cases cited therein.

■ In this case, Rimouski has not alleged that it had a special property interest in the cattle superior to that of Limousin West. Therefore, Rimouski has failed to allege that defendants committed theft of the cattle, and that it is entitled to relief under § 18–4–405. Accordingly, Rimouski's second claim for relief fails to state a claim upon which relief can be granted, and is dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## III

Jerry and Deborah Robbe contend that the Colorado National Bank of Denver was assigned a security interest in seven of the cattle after Limousin West sold the seven cattle. Therefore, the bank is an indispensable party, and this case must be dismissed pursuant to Rule 19 of the Federal Rules of Civil Procedure.

Rule 19(a) of the Federal Rules of Civil Procedure provides:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise

inconsisent obligations by reason of his claimed interest. ...

When an action is brought against a defendant for wrongful transfer of property, an absent party who has an interest in the property is not indispensable if relief can be fashioned which will not adversely affect the absent party's interest. *Miller v. United States,* 583 F.2d 857 (6th Cir.1978); *Estes v. Shell Oil Co.,* 234 F.2d 847 (5th Cir.1956); *Miller & Lux, Inc. v. Nickel,* 141 F.Supp. 41 (N.D.Cal.1956); 3A J. Moore & J. Lucas, *Moore's Federal Practice,* ¶ 19.-09[5] (2nd ed. 1985). For example, property owners in *Miller* claimed that the United States took their property without compensation. The Sixth Circuit held that the state of Michigan was not an indispensable party, even though it held Title to the lands because the court could award damages without affecting Michigan's interest in the land. In *Estes,* the plaintiffs sought an accounting, damages, and injunctive relief based upon alleged wrongful taking of oil from land. The Fifth Circuit held that parties asserting leasehold and royalty interests in the land were not indispensable because the court could award an accounting and damages without affecting the absent parties' interests. Nor is an absent party indispensable if disposition of the action will not leave the defendant subject to a risk of incurring an obligation to pay both the plaintiff and the absent party for the same debt or demand. *See Western Union Telegraph Co. v. Commonwealth of Pennsylvania,* 368 U.S. 71, 75, 82 S.Ct. 199, 201, 7 L.Ed.2d 139 (1961); 7 C. Wright & A. Miller, *Federal Practice & Procedure,* § 1602 at 21–22 (1922).

■ In this case, Rimouski is not seeking return of the cattle, but is seeking an accounting and damages. Similar to *Miller* and *Estes,* I can grant such relief without affecting the bank's security interest in the cattle. Moreover, such relief will not subject defendants to a risk of incurring an obligation to pay both Rimouski and the bank for the same claim. Any claim made by the bank will be pursuant to the bank's security interest in the cattle, whereas Ri-

**556**

mouski's claim is for conversion. Accordingly, the bank is not an indispensable party under Rule 19 cf the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED THAT:

(1) The Robbes' motion to dismiss Rimouski's first and third claims for relief is DENIED.

(2) The Robbes' motion to dismiss Rimouski's second claim for relief is GRANTED.