JOSÉ R. LEBRÓN VELÁZQUEZ, demandante y recurrido, *v.* CARLOS ROMERO BARCELÓ, ETC., ET AL., demandados y recurrentes.

*Número*: R-71-45        *Resuelto*: 4 de febrero de 1974

*William H. Preston, Jr., José R. Feijoo* y *José Ramón Pérez Hernández, Josefina Riollano* y *Luis F. Candal,* abogados de los recurrentes; *Luis Muñoz Rivera,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

.Se trata de si el Municipio de San Juan debe pagarle al demandante recurrido el importe en dinero de 56 días de

vacaciones acumuladas. De una Sentencia resolviendo el asunto en la afirmativa, dictada por el Tribunal Superior, Sala de San Juan, Hon. J. Rivera Barreras, Juez, recurre el Municipio.

Las partes sometieron el caso en el tribunal de instancia por una estipulación de hechos y los alegatos.

Estipularon que el demandante desempeñó el cargo de Director de la División Legal del Municipio de San Juan desde el primero de febrero de 1965 hasta el 12 de enero de 1969. Desde el primero de julio de 1968 su sueldo era de $18,000.00 anuales. Estipularon también que el demandante acumuló las vacaciones que se indican en una Certificación emitida en 10 de enero de 1969 por la entonces Alcaldesa de San Juan, Hon. Felisa R. Gautier y por María C. Castro, encargada de la Sección Kardex de la División de Personal del Municipio de San Juan, Certificación que hicieron formar parte de la estipulación como Exhibit I.

Dicha Certificación arroja un balance neto de licencia acumulada por el demandante a 12 de enero de 1969 de 116 días. Se estipuló además que el demandante recibió el pago de 60 días por concepto de vacaciones, de cuyo pago se le descontaron las aportaciones correspondientes para el Seguro Social Federal y para el Sistema de Retiro de los Empleados del Gobierno de Puerto Rico. Quedaron pendientes de pago 56 días. El importe de dichos 56 días no le ha sido pagado al demandante por el Municipio de San Juan, ni bajo la administración de la Sra. Gautier ni bajo la administración del demandado.

Porque surgieron dudas sobre si el pago de las vacaciones en exceso de 60 días era legal, la Asamblea Municipal de San Juan en 7 de enero de 1969 aprobó la Ordenanza Núm. 87 mediante la cual dispuso que las vacaciones acumuladas en exceso de 60 días laborables no serían pagadas hasta que se obtuviese una sentencia declaratoria sobre la legalidad de dichos pagos de un tribunal competente. El día 30 de dicho

mes y año el demandante presentó una acción que tituló de *mandamus* en el Tribunal Superior para que éste ordenase el pago del importe de dichos 56 días de vacaciones acumuladas. Como hemos indicado antes, el Tribunal Superior declaró con lugar la demanda y ordenó al Municipio de San Juan a hacer el pago mencionado.

El recurrente señala como errores los siguientes: (1) Que no procede el *mandamus* en este caso; (2) que era ilegal la acumulación de vacaciones en exceso de 60 días; (3) que el demandante no probó su caso; y (4) que no procede la imposición de honorarios de abogado.

Vamos a comenzar discutiendo el segundo señalamiento porque, como se verá, éste contiene la sustancia de la controversia. La Ordenanza Núm. 63, del Municipio de San Juan, Serie 1964–65, aprobada en 9 de diciembre de 1964, estableció un Sistema de Personal para dicho Municipio. La referida Ordenanza es un documento extenso, técnicamente bien organizado y sigue el patrón usual de los sistemas de mérito del servicio público.

La Ordenanza Núm. 63 antes mencionada, en su Sec. 29, la cual trata sobre Licencia de Vacaciones, dispone en lo pertinente como sigue:

"El funcionario administrativo y el empleado en el Servicio por Oposición y sin Oposición acumularán licencia de vacaciones a razón de dos y medios días laborables por mes completo de servicio, excluyendo domingo y días feriados con paga. No acumularán licencia de vacaciones por período mayor de 60 días *excepto en aquellos casos en que el Alcalde, por necesidad del servicio, les deniegue el disfrute de las vacaciones acumuladas.*" (Énfasis nuestro.)

Más adelante la citada sección dispone lo siguiente:

"Todo funcionario administrativo y empleados del Servicio por Oposición y sin Oposición que se separe del servicio por cualquier causa, excepto muerte o destitución *tendrá derecho a recibir paga sin limitación de clase alguna por aquella licencia de*

*vacaciones que tenga acumulada a la fecha de su separación."*
(Énfasis nuestro.)

De esas disposiciones se desprende que el demandante al renunciar su cargo tenía derecho a recibir en efectivo el equivalente de los sesenta días de licencia regular por vacaciones acumuladas y el equivalente en dinero de las vacaciones acumuladas en exceso de dichos sesenta días, siempre y cuando que el Alcalde por necesidad del servicio, le hubiese denegado el disfrute de dichas vacaciones. De la prueba surge que en 9 de enero de 1967 el demandante le escribió a la entonces Alcaldesa solicitando treinta días de licencia por vacaciones. La Alcaldesa, mediante su carta de 12 de enero de 1967, le denegó dicha petición en los siguientes términos:

"He recibido su carta del 9 de enero de 1967, en la que usted solicita que se le autorice a disfrutar de un período de vacaciones de 30 días comenzando, el 1ro. de febrero de 1967. Debido a las exigencias del servicio y al período legislativo, no me es dable acceder a sus deseos, por lo que me veo precisada a denegar su solicitud."

Al año siguiente, en 24 de enero de 1968 el demandante volvió a solicitar mediante carta, treinta días de vacaciones regulares. Mediante su carta de 29 de enero de 1968, la Alcaldesa denegó dicha petición en los términos siguientes:

"He recibido su carta del 24 de enero de 1968, por medio de la cual usted solicita se le permita disfrutar de un período de 30 días de vacaciones regulares.

Debido a que estamos en el período en que la Asamblea Legislativa está sesionando y a que como parte de sus deberes usted debe comparecer ante comisiones de los cuerpos colegisladores y tomando en cuenta, además, que existe una vacante en la División Legal, y siendo que usted acaba de reintegrarse a sus labores, luego de su reciente enfermedad, muy a mi pesar, deniego su solicitud de vacaciones."

El 9 de enero de 1969 el demandante recurrido escribió una carta a la Alcaldesa renunciando a su cargo y solicitó el

importe de las vacaciones acumuladas a la fecha de su renuncia.

■ De la correspondencia cursada entre el recurrido y la Alcaldesa surge claramente que el recurrido durante esos años no pudo disfrutar de licencia regular por habérsela negado, por necesidades del servicio, la Alcaldesa. Las vacaciones acumuladas en los dos años anteriores a su renuncia, lo fueron en virtud de las negativas de la Alcaldesa de enero de 1967 y de enero de 1968 de concederle vacaciones al recurrido. Esta situación está cubierta por la antes citada disposición de la Sec. 29 de la Ordenanza 63, disposición que permitía, por excepción, acumular licencia de vacaciones por un período mayor de 60 días cuando el alcalde, por necesidades del servicio, hubiese denegado el disfrute de vacaciones acumuladas.

La Asamblea Municipal de San Juan, a través de su Secretario, consultó al Secretario de Justicia sobre el particular. El Secretario de Justicia mediante su opinión de 30 de diciembre de 1968, expresó que se había dado la impresión pública de que era ilegal acumular vacaciones en exceso de 60 días laborables, pero que no existía ninguna ley aplicable a los municipios que limitase a 60 días el término de licencia que podía acumular un empleado municipal. Reconoció el Secretario de Justicia que no era ilegal el pago de licencia acumulada en exceso de 60 días pero debido al giro controvertible que habían tomado estos asuntos para aquella fecha, recomendó que se obtuviese una sentencia declaratoria de un tribunal sobre el asunto.

El Municipio recurrente, en su memorando en apoyo de su solicitud de revisión, expresa que "Admitimos que durante el período en que el peticionario estuvo trabajando con el Municipio de San Juan, no existía ley escrita que les impidiese a los municipios el permitir una acumulación en exceso de los 60 días. . . ." Igualmente en su alegato presentado posteriormente hace idéntica admisión. Sin embargo, la posición del

recurrente es que a pesar de no haber prohibición en ley en contrario, la citada disposición de la Sec. 29 de la Ordenanza Núm. 63 es nula por ser irrazonable y contraria a una buena práctica administrativa.

Desde luego, no hay que elaborar mucho para concluir que esas razones que aduce el recurrente podrían haber sido propias para presentarlas ante la Asamblea Municipal, que es el organismo legislativo del Municipio y a quien compete legislar sobre el particular en ausencia de legislación específica por parte de la Asamblea Legislativa de Puerto Rico, pero ciertamente como cuestión de derecho ésas no son razones que hagan nula en derecho la Ordenanza Núm. 63 ni su Sec. 29. Tenía razón el Secretario de Justicia al concluir que no era ilegal el pago de las vacaciones acumuladas por el recurrido. No se cometió el segundo error señalado. [1]

En el señalamiento número 1 el recurrente alega que el *mandamus* no es el remedio adecuado para lo que pretende el demandante recurrido porque dicho remedio tiene por objeto el hacer cumplir deberes ministeriales. Independientemente de la cuestión de si pagar sueldos y vacaciones legítimamente habidos por un empleado gubernamental es un deber ministerial o no, cosa que aquí no tenemos que resolver, consideramos acertada la posición que sobre ésto tomó el tribunal de instancia.

■ Se basó el tribunal en dos razonamientos que consideramos válidos. Uno es que el recurrente admitió que la acción que trajo el demandante recurrido sustituyó el pleito de sentencia declaratoria que para dilucidar éstos asuntos ordenó llevar a cabo la Ordenanza Núm. 87, Serie 1968–69, aprobada por la Asamblea Municipal de San Juan en 7 de enero de

---

[1] Para casos posteriores a éste, es conveniente aclarar que la situación de derecho ha cambiado. Mediante la Ley Núm. 104 de 28 de junio de 1969, enmendatoria de la Ley Municipal, 21 L.P.R.A. sec. 1553a, se limitó a un máximo de 60 días las vacaciones que los funcionarios y empleados municipales pueden acumular y cobrar. Los hechos del caso de autos son anteriores a esa fecha.

1969. Como·bien argumentó el recurrente, iniciar otra acción "resultaría en innecesaria duplicidad [*sic*] de procedimientos que darían al traste con el principio de economía procesal." ([2])

El otro razonamiento, también válido, que utilizó el tribunal de instancia al discutir el·señalamiento número uno es que el título que se le de a un recurso no es óbice para que se conceda el remedio que corresponda. *Cruz* v. *Director de la Lotería*, 94 D.P.R. 260, 264 (1967) y autoridades allí citadas. Así por ejemplo, en *Nuñez* v. *Jaime Benítez, Rector*, 65 D.P.R. 864 (1946), una solicitud de *mandamus* fue considerada y resuelta como una sentencia declaratoria. Véanse además las Reglas 1, 70 y 71 de Procedimiento Civil.

Como bien señala el tribunal de instancia, la citada Ordenanza Núm. 87 dispuso que las vacaciones acumuladas en exceso de 60 días laborables no serían pagadas hasta que se obtuviese una sentencia declaratoria y como el Municipio de San Juan no inició acción alguna para solicitar dicha sentencia declaratoria el pleito incoado por el interesado, el aquí recurrido, puede considerarse que sustituyó la acción de sentencia declaratoria que debía iniciarse en este asunto. Puede añadirse que la Ordenanza Núm. 87, la cual ordenó obtener una sentencia declaratoria antes de hacer el pago, creó una situación en que los dineros aquí envueltos se cobrarían luego de que por sentencia declaratoria se determinase que correspondía hacer el pago. La Regla 14.2 de Procedimiento Civil dispone que cuando se trata de una reclamación que dependa para su ejercicio de otra, dichas dos reclamaciones pueden acumularse en el mismo pleito. No se cometió el señalamiento de error número 1.

En el tercer señalamiento el recurrente arguye que el demandante recurrido no probó su caso. Se pregunta que

---

([2]) Es cierto que los demandados recurrentes más tarde expresaron que fue un error de su parte hacer tal admisión, pero de todas maneras el razonamiento es válido y lo hacemos nuestro.

cómo se harían los cómputos para la acumulación de las vacaciones. Discute sobre qué método o mecanismo había para contabilizar las mismas. El planteamiento carece de mérito. El recurrente estipuló que el demandante recurrido acumuló las vacaciones que se indican en la Certificación emitida al efecto por la Alcaldesa y por la Sra. Castro, la encargada de la Sección Kardex de la División de Personal del Municipio de San Juan, e hizo parte de la estipulación la mencionada Certificación como Exhibit I. Dicha Certificación expresa que la licencia acumulada por el recurrido desde el 1ro. de febrero de 1965 hasta el 12 de enero de 1969 fue de 118.5 días. A esa suma le restaron 2.5 días que perdió quedando un total neto de 116 días para pagar. También dice dicha Certificación que la licencia pendiente de pago es de 56 días. Habiendo el recurrente estipulado los hechos no puede luego señalar como error que no se probaron. Cuando se estipula un hecho la otra parte confía en lo estipulado y está relevada de probarlo.

En el último y cuarto señalamiento el recurrente impugna la imposición de $800.00 por concepto de honorarios de abogado. Argumenta que no fue temerario. La realidad es la siguiente. La Asamblea Municipal del Municipio demandado aprobó la Ordenanza Núm. 87, la cual ordenó que no se pagaran las vacaciones hasta que se obtuviese sentencia del tribunal. Luego, el Municipio hizo inevitable el pleito. Fue el propio Municipio el que obligó al demandante recurrido a litigar. Litigó como demandante al iniciar la acción y si no la hubiese iniciado, hubiese tenido que litigar como demandado de haberla iniciado el Municipio. No se cometió el cuarto error señalado.

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 25 de noviembre de 1970.*

El caso de *García* v. *Romero Barceló*, R-70-355, el cual habíamos consolidado con este recurso está siendo resuelto mediante sentencia separada.

Los Jueces Asociados, Señores Cadilla Ginorio, Díaz Cruz e Irizarry Yunqué, no intervinieron.