Luz Enilda Ramos de Bellique, demandante, *v.* Trans Oceanic Insurance Co. et al., codemandados y recurridos; Pablo Landrau, Hijo, codemandado y recurrente.

*Número:* R-74-62     *Resuelto:* 29 de enero de 1975

*Córdova González & Toledo,* abogados del recurrente; *Bauzá & Dávila,* abogados de los recurridos.

El Juez Asociado Señor Martín emitió la opinión del Tribunal.

Los hechos que motivaron el pleito objeto de la presente revisión ocurrieron el día 19 de marzo de 1970. En 29 de enero de 1971 la demandante presentó demanda de daños y perjuicios contra Trans Oceanic Insurance Co. y Pueblo

Supermarkets, Inc., la primera como aseguradora de la segunda.

No fue hasta el 9 de noviembre de 1971 que la demandante enmendó la demanda e incluyó como demandado adicional a Pablo Landrau, hijo, dueño del local ocupado por el supermercado. En 19 de enero de 1973 la demandada Trans Oceanic presentó una demanda de coparte contra el codemandado Pablo Landrau, quien procedió a contestar la misma el día 8 de marzo siguiente, aceptando unos hechos y negando otros, sin plantear la defensa de prescripción.

Posteriormente, Landrau presentó una moción solicitando que por haber prescrito la acción se desestimara en cuanto a él la demanda original enmendada, la cual él aún no había contestado. El tribunal de instancia desestimó la reclamación de la demandante original contra Landrau y permitió que subsistiera la demanda de coparte presentada por Trans Oceanic como una demanda contra tercero.

Landrau recurre ante nos alegando que el tribunal de instancia erró al considerar la demanda contra coparte como una demanda contra tercero, arguyendo que al desestimarse la demanda original en su contra se debió desestimar también la demanda de coparte por ser ésta una acción contingente dependiente de la primera. Trans Oceanic, aquí recurrida, se opone a la revocación por entender que conforme a la Regla 11.7 de las de Procedimiento Civil, (¹) y por ser Landrau parte en el pleito, se vio obligada a presentar una demanda contra coparte en lugar de una demanda contra tercero, ya que esta última solamente se puede utilizar contra personas que no sean parte en el pleito.

---

(¹) "Una demanda contra coparte podrá contener cualquier reclamación que surja de la transacción o evento que motive la demanda original, o de una reconvención en el pleito, o que esté relacionada con cualquier propiedad que constituya el objeto de la demanda original. La referida demanda contra coparte podrá contener una reclamación al efecto de que la parte contra la cual se dirige es, o puede ser, responsable al demandante contra coparte de la totalidad o de parte de una reclamación contra él alegada en el pleito." 32 L.P.R.A. Ap. II, R. 11.7.

■ Procede ahora determinar si la causa de acción de Trans Oceanic contra Landrau subsiste a pesar de haber sido desestimada la reclamación de la demandante original en cuanto a éste. No es necesario resolver si dicha causa de acción había prescrito, pues siendo la prescripción una defensa afirmativa se reputa renunciada si no se plantea en la alegación responsiva o mediante moción al efecto formulada oportunamente. Reglas 6.3 y 6.4 de Procedimiento Civil; *Desmornes v. Herederos Desconocidos de A. Desmornes*, 13 D.P.R. 18 (1907); confirmado 226 U.S. 146; *Díaz Caneja v. Rossy*, 11 D.P.R. 41 (1906). Tal renuncia constituye una sumisión a la jurisdicción del tribunal. *Pérez v. Tribunal de Distrito*, 70 D.P.R. 656 (1949).

Una vez entablado el pleito entre la demandada y Landrau, veamos si habiéndose iniciado el mismo como demanda contra coparte puede continuar ventilándose como demanda contra tercero.

Comoquiera que las Reglas 11 y 12 de Procedimiento Civil tienen el mismo propósito procesal, o sea, el proveer un mecanismo para disponer rápida y económicamente en una sola acción de pleitos múltiples que surjan de los mismos hechos, no deben imperar distinciones sutiles para derrotar derechos sustantivos. Regla 1 de Procedimiento Civil, 1958; *Moa v. E.L.A.*, 100 D.P.R. 573 (1972). Repetidamente hemos expresado el criterio de que las normas procesales han de interpretarse el tal forma que se evite la multiplicidad de acciones litigiosas.[2] Véase 3 Moore, *Federal Practice*, § 14.26, 2d ed. 1974. Hemos mantenido, por ejemplo, que un recurso titulado *"injunction"* cuando en efecto es una acción civil ordinaria, o viceversa, debe sostenerse. *Cruz v. Director de la Lotería*, 94 D.P.R. 260 (1967); *Sucn. Marrero v. Santiago*, 74 D.P.R.

---

[2] "Cualquier defecto en la denominación del pleito o en la súplica del remedio, no será óbice para que el tribunal conceda el remedio que proceda de acuerdo con las alegaciones y la prueba." Regla 70 de las de Procedimiento Civil, 1958, 32 L.P.R.A. Ap. II R. 70.

816 (1953) ; *Rivera* v. *Benítez, Rector,* 73 D.P.R. 377 (1952) ; *Mena* v. *Llerandi,* 70 D.P.R. 176 (1949) ; *Núñez* v. *Benítez, Rector,* 65 D.P.R. 864 (1946). Véanse además *Kwong* v. *Occidental Life Ins.,* 273 F.2d 691; 1A Barron and Holtzoff, *Federal Practice and Procedure,* sec. 397, pág. 599. Recientemente reiteramos esta norma de justicia procesal en *Lebrón Velázquez* v. *Romero Barceló,* 101 D.P.R. 915 (1974).

Para un resultado similar al que hemos llegado véase *Frommeyer* v. *L. & R. Construction Co.,* 139 F.Supp. 579 (1956), en el que se plantea la cuestión de si debe ser desestimada la demanda contra coparte originalmente incoada por un demandado contra un codemandado que estaba entonces en el pleito al quedar eliminada la coparte demandada. Al negarse a desestimar el tribunal expresó lo siguiente: "El propósito de las reglas procesales es facilitar, no frustrar las decisiones en sus méritos . . . . No hay duda de que si American no hubiera sido parte litigante en el momento en que se instó la contrarreclamación, ésta pudo haberse traído como tercera demandada bajo la Regla 14 [equivalente a nuestra Regla 12 sobre demanda de tercero]. Pero por ser coparte de Wortman and Seaboard en ese momento, las contrarreclamaciones eran procedentes, y no dejaban de serlo por razón de que la parte contra la cual iban dirigidas cesó luego de ser coparte. Este resultado está claramente contemplado en el lenguaje de la Regla 13 (g) [equivalente a nuestra Regla 11.7 sobre demanda de coparte]. La contrarreclamación contra American debe mantenerse como tal." Véase además *Keleket X-Ray Corporation* v. *United States,* 275 F.2d 167, 169 (1960), en el que se mantuvo una demanda de coparte contra los Estados Unidos habiendo cesado dicho gobierno de ser parte litigante en el pleito por haber transcurrido el período prescriptivo del demandante original contra los Estados Unidos.

■ La doctrina aceptada en los tribunales federales en el sentido de no desestimar la demanda contra coparte cuando ésta ha dejado de serlo por haberse desestimado la acción en

su contra instada por el demandante original es correcta y cumple con los propósitos que animan nuestras Reglas de Procedimiento Civil. Acceder a la desestimación de la demanda de coparte en este caso por el solo fundamento de que la reclamación del demandante original fue desestimada en cuanto a la coparte demandada sería dar la espalda a la corriente moderna de interpretación procesal que conduce a resultados justos, rápidos y económicos. *Aetna Insurance Company* v. *Newton*, 398 F.2d 729 (1968); *Walter* v. *Hiab Hydraulics, Inc.*, 356 F.Supp. 1000, 1001 (1973); *Barker* v. *Louisiana and Arkansas Railway Co.*, 57 F.R.D. 489 (1972); *Picou* v. *Rimrock Tidelands, Inc.*, 29 F.R.D. 188 (1962).

En vista de lo expuesto entendemos que el tribunal de instancia actuó correctamente al negarse a desestimar la demanda de coparte instada por la demanda Trans Oceanic Insurance Co. contra el codemandado original Pablo Landrau, hijo, y considerarla como demanda contra tercero, *por lo que no procede la expedición del auto solicitado.*