# 98 DTA 196

TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL VI, CAGUAS, HUMACAO Y GUAYAMA

CORPORACION DE CENTROS HIMA, INC.; TURABO MEDICAL CENTER PARTNERSHIP, HUMACAO, INC.
Demandantes-Apelados

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEPARTAMENTO DE SALUD, A TRAVES DE SU SECRETARIO, HON. CARMEN FELICIANO VDA. DE MELECIO
Demandados-Apelantes

Núm. KLAN-98-00405

San Juan, Puerto Rico, a 6 de agosto de 1998

Panel integrado por su Presidente, Juez Ortiz Carrión y los Jueces González Rivera y Hernández Torres

## TEXTO COMPLETO DE LA RESOLUCION

El Estado Libre Asociado de Puerto Rico solicitó la reconsideración de la sentencia dictada en el caso de título en la que este Tribunal confirma otra en la que el Tribunal de Primera Instancia, Sala. Superior de Caguas, declaró que la interpretación del Departamento de Salud sobre lo que constituye una persona "*envejeciente*" a los fines de lo dispuesto por el Artículo VI sec. A (11) del Reglamento del Secretario de Salud Número 56 del 15 de agosto de 1986, está en conflicto con lo dispuesto por la Ley Núm. 121 del 12 de julio de 1986, 8 LPRA sec. 341 y ss., mejor conocida como la Carta de Derechos de la Persona de Edad Avanzada y se declara que el término envejeciente utilizado por el Departamento de Salud, Reglamento Núm. 56 de 13 de agosto de 1986 debe ser interpretado como persona de 60 años de edad en armonía con lo dispuesto por la Ley Núm. 121 de 12 de julio de 1986, 8 LPRA sec. 341 y ss.

En la moción de reconsideración se plantea, por primera vez en este litigio, que el Tribunal de Primera Instancia debió desestimar la solicitud de sentencia declaratoria incoada por la Corporación de Centros HIMA, Inc. en el caso del título, por no haberse agotado los remedios administrativos disponibles antes de solicitar un remedio judicial. El Estado Libre Asociado no tiene razón al hacer este planteamiento en esta etapa de los procedimientos, por lo que su moción de reconsideración se declara no ha lugar.

En este caso la Corporación de Centros HIMA, Inc., en cumplimiento con lo dispuesto por el Artículo IV sec. l(a) del Reglamento Núm. 56, informó al Departamento de Salud sobre su intención de establecer un centro de cuidado para personas envejecientes en Caguas y Humacao. Antes de proseguir con el trámite administrativo establecido por el Reglamento Núm. 56, para la certificación de necesidad y conveniencia de tales facilidades, la Corporación de Centros HIMA, Inc. acudió al Tribunal de Primera Instancia con una solicitud de sentencia declaratoria en la que alegó que al administrar la Ley de Certificados de Necesidad y Conveniencia, 24 LPRA sec. 334 y ss. según enmendada (Sup. 1997) y el Reglamento Núm. 56, el Departamento de Salud define a un envejeciente como toda persona de sesenta y cinco años o más, y se planteó que esa definición, de lo que es una persona envejeciente, está en conflicto con la Ley Núm. 121 del 12 de julio de 1986 en la cual se establece que un envejeciente es una persona de sesenta años o más. En virtud de tales alegaciones la Corporación de Centros HIMA, Inc. le solicitó al Tribunal que dictase sentencia declaratoria sobre la definición de envejeciente que el Departamento de Salud debe utilizar al tramitar una solicitud de certificado de necesidad y conveniencia bajo la Ley de Certificados de Necesidad y Conveniencia.

El Estado Libre Asociado presentó moción de desestimación en la que se opuso a lo solicitado por la Corporación de Centros HIMA, Inc. defendiendo los méritos de la definición de envejeciente usada por el Departamento de Salud. Sin embargo, no planteó que los demandantes no hubiesen agotado los procedimientos administrativos disponibles. Tampoco hizo tal planteamiento en el escrito de apelación presentado ante este Tribunal.

La Ley de Procedimiento Administrativo Uniforme, 3 LPRA sec. 2173 y la Regla 59.1 de las de Procedimiento Civil, según enmendada (Sup. 1997), establece claramente que el Tribunal General de Justicia tiene jurisdicción para dilucidar una controversia sobre la validez de una disposición reglamentaria que afecta los derechos e intereses de una parte ante una agencia administrativa sin que ésta tenga que agotar remedios ante la agencia. La falta de agotamiento de remedios administrativos constituye una defensa afirmativa bajo la Regla 6.3 de las de Procedimiento Civil, renunciable por los organismos administrativos o cualquier otra parte interesada.

Al interpretar la Regla 6.3 de las de Procedimiento Civil el Tribunal Supremo de Puerto Rico ha reiterado que las defensas afirmativas se renuncian cuando son adecuada y oportunamente levantadas, señalando que estas tienen que ser planteadas en la primera alegación responsiva de la parte a quien puedan favorecer. *Odriozola v. Cosmetic Dist. Corp.,* 116 DPR 485, 506 (1995); *Olmeda Nazario v. Sueiro Jiménez,* 123 DPR 299 (1989); *Ramos v. Trans Oceanic,* 103 DPR 298, 300 (1975); *Insurance Co. v. Ruiz,* 96 DPR 175, 180 (1968).

Por otra parte, la Regla 53.2 (b) de las de Procedimiento Civil, según enmendadas (Sup. 1997), establece que el escrito de apelación constituirá el alegato del apelante y que no se considerará ningún

señalamiento de error omitido o no discutido en el escrito de apelación. De tal modo, el hecho de que el Estado Libre Asociado no incluyó un señalamiento sobre falta de agotamiento de los remedios administrativos disponibles en su escrito de apelación, constituye otro impedimento para considerar un planteamiento de esa índole en esta etapa de los procedimientos.

Por las consideraciones antes expuestas, la moción de reconsideración tiene que declararse sin lugar.

El Juez González Rivera reconsideraría por los fundamentos expuestos en el voto disidente emitido al dictarse la sentencia cuya reconsideración se solicita.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General