# 98 DTA 219

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL IV DE AGUADILLA Y MAYAGUEZ

RENE ALFARO ROSADO
Demandante-Peticionario

v.

MAYRA LABIOSA HERRERA
Demandada-Recurrida

Núm. KLCE-98-00434

San Juan, Puerto Rico, a 18 de agosto de 1998

Panel integrado por su Presidente, el Juez Rossy García
y los Jueces Martínez Torres y Rodríguez García

Rodríguez García, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

El peticionario, René Alfaro Rosado, comparece, ante nos, para que revisemos una Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, en 10 de marzo de 1998, y archivada en autos el día 19 de marzo de 1998. En dicha Resolución, el Tribunal declaró No Ha Lugar una Solicitud de Relevo de Sentencia presentada por el peticionario. Inconforme con dicho dictamen, en 21 de abril de 1998, ■ René Alfaro Rosado presentó una Petición de *Certiorari* en el Tribunal de Circuito de Apelaciones.

Resolvemos por los fundamentos que se exponen a continuación que resulta procedente denegar la expedición del auto solicitado.

En 14 de noviembre de 1993, la Sra. Mayra Labiosa Herrera, (en adelante *"Labiosa"*), redicó una querella en el Tribunal de Primera Instancia, Sala Municipal de Aguadilla, en contra de René Alfaro Rosado, (en adelante *"Alfaro"*), por violación al artículo 3.1 de la Ley de Violencia Doméstica. Analizada la querella, el Tribunal determinó que no existía causa probable para el arresto contra Alfaro. Posteriormente, se celebró una vista en alzada donde se determinó nuevamente que no existía causa para el arresto. Como consecuencia de estos hechos, en 14 de noviembre de 1994, Alfaro radicó una demanda de daños y perjuicios en contra de Labiosa. En la demanda, Alfaro alegó que la radicación de la querella en su contra se hizo maliciosamente, para molestarlo, humillarlo y desprestigiarlo, y esto le causó daños y perjuicios. ■

Así las cosas, en 10 de mayo de 1995, Alfaro radicó una Moción de Desistimiento Sin Perjuicio al amparo de la Regla 39.1(a)(1) de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 39.1(a). ■ En 19 de mayo de 1995, el Tribunal decretó el archivo del caso, sin perjuicio. ■ Aproximadamente, un año después, en 20 de mayo de 1996, Alfaro radicó, nuevamente, una demanda de daños y perjuicios a base de los hechos narrados anteriormente. ■ En 25 de marzo de 1997, el representante legal de Labiosa, Lcdo. Martínez Mangual, presentó la Contestación de la Demanda. Entre las defensas afirmativas que levantó en la alegación responsiva se mencionó la prescripción de la demanda. ■ Además, en 13 de junio de 1997, Labiosa presentó una Moción Solicitando Desestimación Inmediata por Prescripción basándose en la doctrina establecida en el caso de *García Aponte v. E.L.A,* ___ D.P.R. ___ (1994), **94 J.T.S. 14.** Este caso dispone que cuando se desiste de una acción judicial el término prescriptivo, de una acción en daños, comienza a transcurrir a partir de la fecha del desistimiento de la demanda. Por consiguiente, Labiosa concluyó que la causa de acción de Alfaro estaba prescrita, argumentando que el desistimiento en el caso de autos ocurrió el día 10 de mayo de 1995 y la demanda se radicó en 20 de mayo de 1996. ■

El Tribunal celebró una vista para determinar si efectivamente estaba o no la acción prescrita. Celebrada la vista, el Tribunal emitió una sentencia declarando con lugar la Moción de Desestimación por estar prescrita la causa de acción, el día 3 de julio de 1997. ■ A su vez, Alfaro, en 23 de julio de 1997, radicó una Moción de Reconsideración. Esta fue declarada No Ha Lugar el 7 de agosto de 1998, archivándose copia de la notificación en 11 de agosto de 1997. ■ Ante estos hechos, en 8 de diciembre de 1997, Alfaro radicó una Moción de Relevo de Sentencia que fue declarada No Ha Lugar por el Tribunal en una Resolución emitida el día lo de marzo de 1998 y archivada en autos copia de la notificación en 19 de marzo de 1998. ■ En 21 de abril de 1998, Alfaro radicó una Petición de *Certiorari*, ante este Tribunal de Circuito de Apelaciones, alegando que:

*"Incidió el Honorable Tribunal de Instancia al declarar Ha Lugar una Moción. Desestimatoria fundamentada en la defensa de prescripción que invocaba factores extrínsecos a los puntualizados por la propia parte demandada en una vista que para esos efectos señaló el referido Tribunal con anterioridad a la parte demandada aquí recurrida."*

## II

De entrada, cabe señalar que la Regla 49.2 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap.II, R. 49.2, no es un sustituto eficiente de una oportuna apelación, en la cual se puede cuestionar y discutir, tanto las apreciaciones de hecho como la aplicación del derecho realizadas por el Tribunal de Primera Instancia. *Builders Ins. Co. v. Tribunal Superior,* 100 D.P.R. 401, 404 (1972). Tampoco se debe utilizar la Regla 49.2 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap.II, R. 49.2, como un sustituto de los recursos de revisión o reconsideración. *Olmeda Nazario v. Sueiro Jiménez,* 123 D.P.R. 294, 299 (1989). No obstante, entraremos a resolver el planteamiento de prescripción presentado por el peticionario y al hacerlo sostenemos el dictamen del Tribunal de Primera Instancia.

Las acciones en daños y perjuicios se rigen por el artículo 1802 del Código Civil, 31 L.P.R.A. sec. 5141. Este artículo establece que aquel *"que por su acción u omisión caus[e] daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado."* Esta acción tiene un término prescriptivo de un año. Art. 1861 del Código Civil, 31 L.P.R.A. sec. 5291. Este término comienza a transcurrir desde el momento en que el perjudicado se entera del daño y sabe quién es el causante del mismo. *Ojeda Ojeda v. El Vocero,* ___ D.P.R.___ (1994), **94 J.T.S. 131,** a la pág. 331.

La prescripción es la forma en se adquieren, el dominio y demás derechos reales, según dispuesto por la ley. También, a través de ésta se extinguen derechos y acciones. Art. 1830 del Código Civil, 31 L.P.R.A. sec. 5241. Nuestro Tribunal Supremo reiteradamente ha señalado que la prescripción no es materia procesal sino materia sustantiva, por lo tanto, se rige por los principios del Derecho Civil. Los artículos 1840-1874 del Código Civil, 31 L.P.R.A. secs. 5261-5304, son los que se refieren específicamente a la prescripción. *Galib Frangie v. El Vocero de P.R.,* ___ D.P.R ___ (1995), **95 J.T.S. 71,** a la pág. 922; *Rivera Castillo v. Municipio de San Juan,* ___ D.P.R ___ (1992), **92 J.T.S. 70,** a la pág. 9565; *Zambrana Maldonado v. E.L.A.,* ___ D.P.R. ___ (1992), **92 J.T.S. 12,** a la pág. 9171; *Silva Wiscovich v. Weber Dental Mfg. Co.,* 119 D.P.R. 550, 559 (1987); *Febo Ortega v. Tribunal Superior,* 102 D.P.R. 405, 407 (1974). En *Cintrón v. E.L.A.,* 127 D.P.R. 582, 588-589 (1990), el Tribunal Supremo estableció cuál es la finalidad de la prescripción en nuestro derecho:

*"...el propósito medular de todo término prescriptivo es garantizar la estabilidad económica y social de las relaciones bilaterales al estimular el rápido reclamo del cumplimiento de las obligaciones contractuales o legales y procurar así la tranquilidad del obligado contra la eterna pendencia de una acción civil en su contra [citas omitidas]. Esta figura se funda en el imperativo de castigar la inercia en el ejercicio de los derechos y asegurar "el señorío de las cosas" al evitarse litigios difíciles de adjudicar por la antiguedad de las reclamaciones.*

*Inherentes a ese propósito de la prescripción se encuentra la protección del interés del deudor de no verse expuesto a reclamaciones tan remotas que lo coloquen en un estado de indefensión debido a la pérdida de memoria, de prueba, etc. De ahí que sea necesario que el acreedor del derecho informe y manifieste su voluntad de reclamar los perjuicios que le ha causado la actuación u omisión del deudor dentro del término de ley para que entienda interrumpido dicho término prescriptivo de la acción en daños. Después de todo, el silencio crea una objetiva y razonable confianza en dicho deudor de que el derecho no será ejercitado. [Cita omitida].*

*Lo normal es el ejercicio y conservación del derecho y no su prescripción por lo cual nuestro ordenamiento jurídico alienta el ejercicio del derecho mediante la utilización de los medios interruptivos de la prescripción".* *Meléndez Vega v. El Vocero de P.R.,* ___ D.P.R. ___ (1997), **97 J.T.S 139,** a la pág. 299; *Galib Frangie v. El Vocero de P.R., supra.* El Código Civil señala tres (3) formas en que la prescripción de las acciones se pueden interrumpir. Estas son las siguientes: *"...por su ejercicio ante los tribunales, por la reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor".* Art. 1873 del Código Civil, 31 L.P.R.A. sec. 5303. Una de las consecuencias más importantes de la interrupción del término prescriptivo es que el plazo comienza a contarse, nuevamente, por entero. *Rivera Castillo v. Municipio de San Juan, supra,* a la pág. 9566; *Cintrón v. E.L.A., supra,* pág. 589; *Hawayek v. A.F.F.,* 123 D.P.R. 526, 530 (1989); *Díaz de Diana v. A.J.A.S. Ins. Co.,* 110 D.P.R. 471, 474 (1980).

El acto de interrupción *"representa la manifestación inequívoca de una voluntad contraria al mantenimiento de la situación inerte manifestada ésta con anterioridad a que el plazo de deliberación*

*se agote." Galib Frangie v. El Vocero de P. R., supra.*

La radicación de la demanda en el Tribunal interrumpe automáticamente el término prescriptivo sin necesidad de que se emplace a los demandados. Aun cuando la demanda se radique ante un foro sin jurisdicción o competencia el término se interrumpe y éste comienza a transcurrir nuevamente. *Rivera Castillo v. Municipio de San Juan, supra,* a la pág. 9566. En adición, nuestro Tribunal Supremo ha resuelto que aunque el demandante desista voluntariamente, sin perjuicio, de continuar con el pleito y radique una Moción de Desestimación, sin haberse emplazado a los demandados, aun así la prescripción se interrumpe y el término comienza a contarse íntegramente. Esto es así porque *"no medió abandono necesario, derivado del simple transcurrir del tiempo. El ejercicio oportuno de esa reclamación y su subsiguiente desistimiento sin perjuicio, fue con reserva al derecho de volver a presentarla". Silva Wiscovich v. Weber Dental Mfg. Co., supra,* a la pág. 562.

En el caso de *García Aponte v. E.L.A.,* ___ D.P.R ___ (1994), **94 J.T.S. 14,** a la pág. 11511, el Tribunal Supremo resolvió desde qué momento específicamente comienza a decursar nuevamente el término de prescripción cuando una demanda se desestima al amparo de la Regla 39.1(a)(1), 32 L.P.R.A. Ap. III. R. 39.1(a)(1).

La prescripción tiene su fundamento en la inercia durante un tiempo determinado la cual se interrumpe mediante la manifestación inequívoca de un acto de voluntad contrario al mantenimiento de la situación inerte. De igual forma, la mera presentación de aviso de desistimiento con anterioridad a que la parte adversa notifique alegación responsiva o una sentencia sumaria, constituye una manifestación inequívoca de la voluntad de desistir de la acción emprendida que interrumpió el término prescriptivo. Tal manifestación no admite oposición de la parte adversa ni requiere la aprobación del Tribunal para surtir efecto, de modo que causa la inmediata terminación del litigio, [citas omitidas].

Conforme a lo resuelto por nosotros en *Silva Wiscovich v. Weber Dental Mfg. Co., supra,* la presentación ante el tribunal del aviso de desistimiento pone fin al pleito y constituye, por tanto, la fecha a partir de la cual comienza el transcurso del nuevo término prescriptivo. La expresión inequívoca de la voluntad de desistir es el elemento determinante de que cesó el efecto interruptivo de la acción judicial. Los eventos posteriores a tal manifestación de voluntad, como la fecha en que el tribunal dicta sentencia, la archiva y notifica, o ésta adviene final y firme nada tienen que ver con que surta efecto dicha expresión de voluntad y, por consiguiente, resultan impertinentes.

De otra parte, un demandado al momento de radicar su alegación responsiva en el tribunal debe exponer en ésta las defensas afirmativas que estime que le aplican. La Regla 6.3 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 6.3, enumera una serie de defensas afirmativas, entre ellas se encuentra la defensa de prescripción ya sea ésta adquisitiva o extintiva. Una defensa afirmativa si no se levanta a tiempo se entiende renunciada a menos que se evidencie que no se omitió por falta de diligencia. *López Stubbe v. Gus Lallande,* ___ D.P.R ___ (1998), **98 J.T.S. 9,** 527; *Olmeda Nazario v. Sueiro Jiménez,* 123 D.P.R. 294, 298 (1989); *Ramos v. Trans Oceanic Ins. Co.,* 103 D.P.R. 298, 300 (1975).

En el caso de autos, Alfaro radicó la demanda original en contra de Labiosa, el 14 de noviembre de 1994 sin emplazarla. Con la presentación de esta demanda detuvo el término prescriptivo de un año aplicable en este caso. En 1ro. de mayo de 1995, Alfaro presentó una Moción de Desistimiento sin Perjuicio. Conforme a la doctrina establecida la presentación ante el tribunal del aviso de desistimiento en dicha fecha puso fin al pleito y por consiguiente es a partir del 10 de mayo de 1995 que comienza el transcurso del nuevo término prescriptivo. Alfaro tenía hasta el 10 de mayo de 1996, para reiniciar una acción judicial en contra de Labiosa. Lamentablemente, Alfaro presentó la segunda demanda el 20 de mayo de 1996. La causa de acción indiscutiblemente está prescrita. Por su parte, Labiosa en su alegación responsiva levantó la defensa afirmativa de la prescripción. Era innecesario que Labiosa especificara en la contestación de la demanda las razones para levantar esta defensa, porque esto se dilucidaría posteriormente. Debemos recordar que las alegaciones se redactan de forma general, *"[c]onocido es que, en el procedimiento civil moderno las alegaciones sólo tienen un propósito: notificar a grandes rasgos las reclamaciones de las partes", Mercado Cintrón v. ZETA Communications. Inc.,* ___ D.P.R. ___ (1994), **94 J.T S. 50,** a la pág. 11778, al igual que sus defensas.

Por los fundamentos antes expuestos se deniega la expedición del auto solicitado.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 98 DTA 219

1. El 18 de abril de 1998 cayó sábado y el lunes, 20 de abril de 1998 fue día feriado, por lo tanto el recurso se presentó en tiempo, el 21 de abril de 1998.

2. Véase el Apéndice de la petición de *certiorari*, pág. 1.

3. Véase el Apéndice de la petición de *certiorari*, pág. 19.

4. Véase el Apéndice de la petición de *certiorari*, págs. 20-21.

5. Véase el Apéndice de la petición de *certiorari*, págs. 5-6.

6. Véase el Apéndice de la petición de *certiorari*, págs. 7-8.

7. Véase el Apéndice de la petición de *certiorari*, págs. 14-16.

8. Véase el Apéndice de la petición de *certiorari*, págs. 27-31.

9. Véase el Apéndice de la petición de *certiorari*, págs. 32-33.

10. Véase el Apéndice de la petición de *certiorari*, págs. 36-40.