# 99 DTA 116

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL II-BAYAMON
### PANEL II

NORMA CORIANO BAEZ, ET ALS
Apelantes

v.

WALT-MART PUERTO RICO, INC.
Apelado

Núm. KLAN-99-00027

San Juan, Puerto Rico, a 19 de marzo de 1999

Panel integrado por su Presidente, el Juez Gierbolini,
el Juez Cordero y la Jueza Hernández Torres

Cordero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La parte apelante, Norma Coriano Báez, et als, en representación de su hija Sheila Rivera Coriano (en adelante *"los Rivera Coriano"),* acude ante nuestra consideración mediante Escrito de Apelación y solicita que revoquemos la sentencia emitida por el Tribunal de Primera Instancia de 8 de junio de 1998. Dicha sentencia fue archivada en autos y notificada el 10 de julio de 1998. En la misma, el Tribunal de Primera Instancia desestimó demanda en daños y perjuicios presentada contra Walt-Mart Puerto Rico, Inc. (en adelante *"Walt-Mart"),* por no probarse los elementos requeridos por el Artículo 1802 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5141.

Luego de analizar los hechos, los argumentos de las partes y el derecho aplicable, procedemos a declarar Sin Lugar el recurso ante nuestra consideración por falta de jurisdicción.

## I
El 19 de agosto de 1996, los Rivera Coriano fueron a hacer compras de comestibles al negocio SAM'S Club en Bayamón. La hija menor del matrimonio sufrió un accidente cuando, estando en el área fotográfica del establecimiento, chocó contra varias cajas de películas que cayeron sobre sí. Nadie presenció la caída y tampoco hubo prueba de que las cajas estuviesen mal colocadas.

El 10 de julio de 1998, el Tribunal de Primera Instancia notificó sentencia desestimando la demandada de autos. El foro sentenciador concluyó que el accidente sufrido por la menor ocurrió por la falta de cuidado de la madre. El 21 de julio de 1998, ▮ los Rivera Coriano presentaron ante el Tribunal de Primera Instancia un escrito titulado *"Moción Solicitando Determinaciones de Hechos Adicionales al Amparo de la Regla 43.3 de Procedimiento Civil Vigentes".* El Tribunal de Primera Instancia declaró dicha moción *"No Ha Lugar",* el 12 de agosto de 1998, siendo notificada y archivada en autos copia de la misma el 11 de diciembre de 1998.

El 12 de enero de 1999, los Rivera Coriano acuden ante nos mediante Escrito de Apelación. El 25 de enero

69

del mismo, año, Walt-Mart presentó el correspondiente alegato en oposición al Escrito de Apelación, acompañado de una moción en la que solicitaba resolver la desestimación del recurso. Procedemos a resolver.

## II

En su moción de desestimación, Walt-Mart nos plantea que la *"Moción de Determinaciones de Hechos Adicionales al Amparo de la Regla 43.3 de Procedimiento Civil Vigentes"*, 32 L.P.R.A. Ap. III, presentada por los Rivera Coriano, no tiene el efecto de prorrogar el término jurisdiccional de treinta (30) días para presentar ante este Tribunal el Escrito de Apelación, ya que dicho escrito es, en realidad, una moción de reconsideración. Siendo una moción de reconsideración, entonces, según lo establece la Regla 13(A) del Reglamento del Tribunal de Circuito de Apelaciones, el recurso, ahora ante nos, se debió presentar dentro de los treinta (30) días a partir del archivo en autos de copia de la notificación de la sentencia si se declaraba con lugar la moción de reconsideración. Ahora bien, si el Tribunal de Primera Instancia no acogía la moción de reconsideración oportunamente, se tenía que apelar dentro de los treinta (30) días a partir de la notificación de la sentencia, ya que se entendía que dicha moción había sido rechazada de plano.

Este Tribunal ha estudiado cuidadosamente la aludida *"Moción Solicitando Determinaciones de Hechos Adicionales al Amparo de la Regla 43.3 de Procedimiento Civil Vigentes"*. La misma es, por cierto, una moción de reconsideración, según se define bajo la Regla 47, Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, y no califica como una verdadera moción sobre determinaciones adicionales bajo la Regla 43.3. Los tribunales están bajo la obligación de hacerle caso omiso a los títulos, y estudiar el contenido de los escritos para asegurarse de conceder el remedio correspondiente. *Lebrón Velázquez v. Romero Barceló*, 101 D.P.R. 915, 921 (1974).

La Regla 47, Reglas de Procedimiento Civil, 32 L.P.R.A., Ap. III, según enmendada Ley 74 de 12 de agosto de 1997, dispone:

*" Regla 47. Reconsideración*

*La parte adversamente afectada por una resolución, orden o sentencia del Tribunal de Primera Instancia podrá, dentro del término de quince (15) días desde la fecha de la notificación de la resolución u orden o desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, presentar una moción de reconsideración de la resolución, orden o sentencia. El tribunal, dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para apelar o presentar un recurso de certiorari se considerará como que nunca fue interrumpido. Si se tomare alguna determinación en su consideración, el término para apelar o presentar un recurso de certiorari con término jurisdiccional ante el Tribunal de Circuito de Apelaciones empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Por otro lado, si se tomare alguna determinación en la consideración de una moción de reconsideración, el plazo para presentar un recurso de certiorari con término de cumplimiento estricto ante el Tribunal de Circuito de Apelaciones empezará a contarse desde la fecha en que se notifica la resolución del tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano."*

En el caso ante nos, el Tribunal de Primera Instancia no actuó sobre la moción de reconsideración, erróneamente titulada como una moción sobre determinaciones adicionales, dentro del término prescrito por la Regla 47. Al no actuar, entonces se entendió que la moción fue rechazada de plano, y la parte apelante tenía que presentar su escrito ante nos a los treinta (30) días desde la notificación de la sentencia, o sea, a los treinta (30) días desde el 10 de julio de 1998. Sin embargo, se presentó el Escrito de Apelación ante este Tribunal el 12 de enero de 1999, fuera de término.

Una moción bajo la Regla 47 se tendrá como rechazada de plano, y el término no será interrumpido en aquellos casos donde el tribunal se exprese con un mero *"No Ha Lugar"* a dicha moción sin oír a las partes, o cuando el tribunal no tome acción dentro de los diez (10) días de haberse presentado la misma. *Rodríguez Rivera v. Autoridad de Carreteras,* 110 D.P.R. 184, 186-187 (1980).

La ausencia de jurisdicción sobre la materia trae consigo las siguientes consecuencias: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste abrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; (6) puede levantarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Vázquez v. A.R.P.E..,* 128 D.P.R. 513, 537 (1991). Una vez el tribunal determina que no tiene jurisdicción sobre la materia, viene obligado a desestimar el caso. Regla 10.8(c) de las de Procedimiento Civil. Las cuestiones de jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción, lo único que puede hacer es así declararlo. *Autoridades sobre Hogares v. Sagastivelza,* 71 D.P.R. 436, 439 (1950). Véase, además, *Pérez v. Tribunal de Distrito,* 70 D.P.R. 656, 663 (1949) y *López v. Pérez,* 68 D.P.R. 312, 315 (1948). Entiéndase por lo anterior, que un tribunal carente de jurisdicción debe así declararlo, sin entrar en los méritos de la cuestión ante sí. *González Santos v. Bourns P.R. Inc.,* 125 D.P.R. 48, 63 (1989). Véase, además, *Pagán Navedo v. Rivera Sierra,* ___ D.P.R. ___ (1997), **97 J.T.S. 46,** pág. 1083.

### III

Por los fundamentos antes expuestos, procedemos a DESESTIMAR la apelación presentada por falta de jurisdicción.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIO 99 DTA 116**

1. El 20 de julio de 1998 era día feriado.